UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ZIMMER, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>STRYKER CORPORATION; STRYKER ORTHOPAEDICS; and CODY STOVALL, )<br><br>Defendants. ) | Case No. 3:14-CV-152-JD-CAN |

## AGREED ORDER

Now before the Court is the parties' Joint Motion for Entry of Agreed Order [DE 31]. Plaintiff Zimmer, Inc. ("Zimmer") and Defendant Cody Stovall ("Stovall"), have agreed to these terms in order to avoid the time, expense and uncertainty of a hearing on Zimmer's Motion for Preliminary Injunction, which is set for May 9, 2014. Based on the parties' agreement, the Court GRANTS the Joint Motion and ORDERS as follows:

1. With entry of this Agreed Order, Zimmer's Motion for Preliminary Injunction [DE 6] is WITHDRAWN without prejudice and the May 9, 2014 hearing on Zimmer's Motion for Preliminary Injunction is VACATED.

2. Stovall continues to dispute that he violated any purported obligations he has to Zimmer. Further, Stovall states that he undertook reasonable actions to avoid any violation of any such obligations he may have had to Zimmer.

3. Until January 7, 2015, further order of the Court or further agreement of the parties, Stovall is prohibited, on behalf of himself, any Stryker entity, or any other provider of medical products or services, from directly or indirectly marketing, soliciting or selling any medical products or services to the following physicians and medical facility: Drs. Howard Berg,

Keith Bjork, Douglas Hyde, Wilson Landers, Michael Manderson, Joshua North, or Timothy Risko, or any staff currently affiliated with those physicians, or any physicians or staff currently associated with Amarillo Bone & Joint Clinic, with the exception of Dr. Bradley B. Veazy.

4. Until January 7, 2015, further order of the Court or further agreement of the parties, Stovall shall not, on behalf of himself, any Stryker entity, or any other provider of medical products or services, directly or indirectly, provide, sell, or market orthopedic implant products or extremities products at the following medical facilities: (1) Baptist St. Anthony's Hospital; (2) Northwest Texas Hospital; (3) Surgery Center on Soncy n/k/a Northwest Texas Surgery Center; and (4) the Thomas E. Creek Veteran's Administration Hospital. Except as set forth in paragraph 3, nothing herein shall prohibit Stovall from providing, selling, or marketing trauma, sports and/or biologic products.

5. Until January 7, 2015, further order of the Court or further agreement of the parties, Stovall shall not directly or indirectly solicit or otherwise induce or entice any individual who was employed by Zimmer at the time of Stovall's separation from Zimmer, to leave his/her employment with Zimmer.

6. Stovall shall not disclose, use, or divulge any of Zimmer's Confidential Information, as that term is defined in Stovall's Confidentiality, Non-Competition and Non-Solicitation Agreement, except as required through the discovery process in this litigation, and only as long as such information does not become publicly known through no fault of the employee.

7. Nothing in this Order shall be deemed an admission of liability by any party or a determination of any factual or legal issue in this case.

3

8. The parties have already exchanged limited written discovery, and the parties remain obligated to respond in accordance with the Federal Rules of Civil Procedure. The parties also remain permitted to take depositions at this time. However, the parties are directed to confer and file a *Report of the Parties' Planning Meeting*, pursuant to N.D. Ind. L.R. 16-1, on or before April 22, 2014. By a separate order, the Magistrate will set a pretrial conference for the purpose of entering a Case Management Plan and addressing all other Local Rule 16-1 issues.

SO ORDERED.

ENTERED:  April 4, 2014

      /s/ JON E. DEGUILIO
Judge
United States District Court